IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Northern Division

No. 2:21-CV-26

ROBERT A. LANE and )
NATHAN A. NEISIUS, )
    Plaintiffs, )
)
)
) **COMPLAINT**
v. )
)
WILLIAM HENRY HEDGEBETH )
AND THE VACATION PROPERTY )
GROUP, LLC, )
    Defendants. )

NOW COME Plaintiffs, Robert A. Lane and Nathan A. Neisius, and files his Complaint against William Henry Hedgebeth and the Vacation Property Group, LLC, as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Robert A. Lane, is and was at all relevant times a citizen and resident of the Fairfax, Virginia ("Robert").

2. Plaintiff Nathan A. Neisius, is and was at all relevant times a citizen and resident of Ft. Collins, Colorado ("Nathan").

3. Upon information and belief, The Vacation Property Group, LLC is a Florida limited liability company (LLC) duly authorized to do business in the State of North Carolina with a principal office located at 1069 Driftwood Drive, Town of Manteo, County of Dare, State of North Carolina ("VPG"). At all times relevant, VPG was doing business in Dare County North Carolina. Upon information and belief, VPG has been issued a Certificate of Authority to do business in North Carolina.

1

4. Upon information and belief, the defendant William Henry Hedgebeth is and was at relevant times a citizen and resident of Dare County, North Carolina ("Hedgebeth").

5. In this case, each Plaintiff has suffered damages in excess of $75,000.

6. Under 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Further, the citizenship of an LLC is determined "by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, this Court has subject-matter jurisdiction of this action as none of Defendant's members is a citizen of North Carolina and the amount-in-controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant in this case as N.C. Gen. Stat. § 1-75.4 confers jurisdiction "[i]n any action claiming injury to person . . . within or without this State arising out of an act or omission within this State by the defendant," and the exercise of jurisdiction by this Court over Defendant comports with due process.

8. Lastly, venue is proper in the Eastern District of North Carolina, Northern Division, pursuant to 28 U.S.C. § 1391(b)(2) as that is where Plaintiff resides, where Defendant's place of business is located, and where the events giving rise to this claim took place.

**FACTUAL BACKGROUND**

9. On or about August 10, 2019, Plaintiffs Robert and Nathan were each lawfully operating a bicycle in a southerly direction on South Virginia Dare Trail within the Town of Nags Head, Dare County, North Carolina.

10. At the same time and location, Defendant Hedgebeth was operating a 2002 Ford F150 pickup truck pulling a large trailer, both owned and operated by Defendant VPG ("defendant vehicle").

11. Defendant Hedgebeth was operating defendant vehicle in a northerly direction on South Virginia Dare Trail, and had stopped to wait for heavy, oncoming southbound traffic to pass before making a left-hand turn into a residential driveway.

12. As Plaintiffs approached defendant vehicle and were within feet of the driveway, Defendant Hedgebeth suddenly and without warning turned defendant vehicle left into the driveway and directly into the path of the Plaintiffs, causing Plaintiffs to suddenly stop and crash their bicycles and into each other.

13. Defendant Hedgebeth was negligent in the operation of defendant vehicle in that he failed to maintain a proper lookout, failed to maintain proper control over defendant vehicle, failed to yield the right of way to Plaintiffs, drove his vehicle without first ascertaining that such movement could reasonably and safely be accomplished without endangering plaintiffs, and through other acts and/or omissions which may be uncovered through discovery or otherwise.

14. At all times relevant hereto, Defendant Hedgebeth was employed by, acting within the course and scope of his employment with Defendant VPB, and operating defendant vehicle with the express permission of Defendant VPG, so that Defendant Hedgebeth's negligence is imputed to Defendant VPG.

## PLAINTIFF ROBERT'S CLAIM FOR RELIEF
(Negligence)

15. Paragraphs 1-14 above are incorporated by referenced as if re-alleged herein word for word.

16. As a proximate result of defendants' negligence, Plaintiff Robert crashed his bicycle was violently thrown about, sustained serious, painful, permanent bodily injuries, hospitalizations, treatment, pain and suffering, property damage and other compensatory damages.

17. Plaintiff Robert is entitled to recover of Defendants jointly and severally a sum in excess of $75,000.00 as a proximate result of their negligence.

## PLAINTIFF NATHAN'S CLAIM FOR RELIEF
(Negligence)

18. Paragraphs 1-17 are incorporated by reference as if re-alleged herein word for word.

19. As a proximate result of defendants' negligence Plaintiff Nathan crashed his bicycle, was violently thrown about, sustained serious, painful, permanent bodily injuries, hospitalizations, treatment, pain and suffering, property damage and other compensatory damages.

20. Plaintiff Nathan is entitled to recover of defendants jointly and severally a sum in excess of $75,000.00 from Defendants as a proximate result of their negligence.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court as follows:

(1) That Plaintiff Robert have and recover of Defendants, jointly and severally, a substantial sum in excess of $75,000.00 (SEVENTY FIVE THOUSAND AND 00/100'S DOLLARS) to compensate him for the damages sustained, costs of court taxable against the Defendants including pre-judgment interest, and for such other and further relief to which Plaintiff Robert may be so entitled to receive.

(2) That Plaintiff Nathan have and recover of Defendants, jointly and severally, a substantial sum in excess of $75,000.00 (SEVENTY FIVE THOUSAND AND 00/100) to compensate him for the damages sustained, costs of court taxable against the Defendants including pre-judgment interest, and for such other and further relief to which Plaintiff Nathan may be so entitled to receive.

Date: 06/04/2021

HORNTHAL, RILEY, ELLIS & MALAND, LLP

By: /s/ L. Phillip Hornthal, III
L. Phillip Hornthal, III Esquire
N.C. State Bar No. 19984
301 East Main Street
Elizabeth City, NC 27909
Phone 252-335-0871
Fax: 252-335-4223
phornthal@hrem.com
*Attorneys for Plaintiffs Robert A Lane and Nathan A. Neisius*